# ALASKA REPORTS

## VOLUME 7

### HARRY GONG & CO. v. MT. BAKER PACKING CO.

First Division.   Juneau.   January 6, 1923.

No. 2236–A.

**1. Pleading ☞317(5)—Bill of Particulars.**

The complaint on foreclosure contained a second cause of action for moneys advanced in the sum of $2,917.32 for the use and benefit of defendant under the terms of the mortgage. On motion for a bill of particulars, *held*, the defendant is entitled to the bill of particulars.

**2. Pleading ☞317(5)—Bill of Particulars.**

A complaint for the foreclosure of the mortgage on a vessel, her tackle, apparel, and furniture, alleged that certain property on board the vessel, a retort, exhaust box, and other articles enumerated in the complaint, were excepted from the mortgage foreclosure, being held by the plaintiff under lease. *Held*, the defendant being better informed than the plaintiff with respect to his interest in such leased property, a bill of particulars denied.

**·3. Chattel Mortgages ☞271, 272, 277—Foreclosure on Insecurity Clause.**

On suit to foreclose a chattel mortgage under the insecurity clause, *held*, it is not necessary to set forth, in a complaint for the foreclosure of a chattel mortgage under the insecurity clause, the grounds of the plaintiff's belief that he is insecure; if he shall take possession and proceed to sell without reasonable cause, that would be a ground of defense; if the evidence shows there is no cause, the foreclosure prior to maturity of the debt will be denied.

This is an action for the foreclosure of a chattel mortgage on a vessel or scow, executed by the defendant to the plaintiff, to secure the payment of two promissory notes—one for $500 and one for $4,401.15, made on April 29, 1922, and payable to the order of plaintiff six months after date, that is to say, on

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

October 29, 1922; also to secure the payment of the sum of $2,917.32, being moneys advanced to the use and benefit of defendant under the terms of the mortgage.

The action was commenced on October 11, 1922, some 18 days before the notes fell due, under a clause of the mortgage to the effect that, if the party of the second part (the mortgagee) should, at any time, deem itself in danger of losing its said debt, or any part thereof, by delaying the collection thereof until the expiration of the time above limited for the payment thereof, the said second party would be authorized to take possession of said goods, chattels, etc., and sell and convey the same, or so much thereof as might be necessary to satisfy the said debt, interest, and costs, etc.

R. E. Robertson, of Juneau, for plaintiff.
Winn & Ooghe, of Juneau, for defendant.

REED, District Judge. The motion to make more definite and certain, and for a bill of particulars, involves three propositions: The first is for a bill of particulars, showing the dates and items comprehending the sum of $2,917.32, alleged to have been loaned to and paid out to the use and benefit of defendant between certain dates subsequent to the execution of the mortgage.

Clearly the defendant is entitled to the bill of particulars sought by the motion, as the allegation in the complaint is that the sum of $2,917.32 was advanced to and paid out for the use and benefit of defendant between certain dates, and that the same are secured by the mortgage.

The action, therefore, for a bill of particulars, will be allowed.

The second proposition raised by the plaintiff is that the defendant be required to set forth what interest the defendant had at the commencement of the action, or now has, in a certain retort, exhaust box, and other articles situated on said vessel. The mortgage covers the vessel, her tackle, apparel, and furniture, and, according to the complaint, certain property was excepted, the property being that portion of the machinery specified therein as the retort, exhaust box, and other articles enumerated in the complaint. The complaint further says that these articles were owned by the defendant under a lease only, and that the mortgage covered the interest of the defendant only therein.

The defendant has equal or better knowledge than the plaintiff of the extent of his interest in such property, and there is no reason why the mortgagee, in a foreclosure proceeding, should set forth the exact interest that the defendant has therein. This is not an action in which it is necessary or proper to adjudicate the extent of the rights of the defendant in the mortgaged property, for the plaintiff can only foreclose upon and sell such interest as the defendant had therein. After foreclosure and sale, the rights, possessory or otherwise, to any portion of the property, can be adjudicated between the purchaser and the claimant of the property.

This part of the motion to make more definite and certain will therefore be denied.

The third proposition raised is upon the insecurity clause in the mortgage. Defendant moves that the plaintiff be required to set forth where and for what reason the plaintiff deemed itself, at the time of the filing of the complaint, in danger of losing its debt, and feared that, if it should delay the collection thereof until the expiration of the time limited for the collection of the debt, it would lose the same, and, further, that the plaintiff be required to set forth the reason why the plaintiff had such fears at the time of the filing of the complaint.

The authorities are hopelessly divided upon the extent of the right of the mortgagee to take possession of the mortgaged chattels under an insecurity clause of a chattel mortgage. In a number of jurisdictions, the right is subject to the restriction that the mortgagee must act in good faith and on reasonable grounds, or probable cause and belief, that he is insecure. In other jurisdictions, it is held that the mortgagee, under an insecurity clause, may take possession of the property, if in fact he believes himself insecure, whether or not he bases his belief on reasonable ground or probable cause.

After a consideration of all the authorities, I coincide with the view of the attorneys for the defendant, that the plaintiff must act in good faith and have reasonable grounds or probable cause to believe that his debt is insecure, before he can take possession of the mortgaged property prior to the maturity of the debt or any other condition broken. In this case, however, there is no allegation that the plaintiff has taken possession of the mortgaged property. The complaint is a complaint in a strict

foreclosure for a chattel mortgage. There is no allegation of possession in the mortgagee, nor is the mortgagee seeking to recover possession by replevin, and there is no issue tendered in that respect.

I am of the opinion, however, that, under such a clause of the mortgage, it is not necessary that the plaintiff set forth, in a complaint for foreclosure, the grounds of his belief that he is insecure. If he had taken possession and proceeded under his mortgage to sell the property without reasonable cause to believe himself insecure, that fact would be a matter of defense in the foreclosure action, or replevin would lie in the mortgagor for the return of the property. If, as a matter of fact, the mortgagee had no reasonable cause to believe he was insecure, the defendant can set up that fact in his answer to the foreclosure proceedings, and then an issue would be made upon that point. If he had taken possession of the property, and the issue was raised by the answer, and the evidence showed that he had no reasonable cause to believe he was insecure, the foreclosure prior to the maturity of the debt would be denied.

Under the circumstances, I am of the opinion that the motion to make the complaint more definite and certain in this particular should be denied.